CINDY MCLAUGHLIN, APPELLANT AND CROSS-APPELLEE, V. DANIEL MCLAUGHLIN, APPELLEE, AND GREAT WEST CASUALTY COMPANY, APPELLEE AND CROSS-APPELLANT.
432 N.W.2d 45

Filed November 23, 1988.   No. 88-037.

Joy Shiffermiller, of Atkins Ferguson Zimmerman Carney P.C., for appellant.

James J. DeMars, of Barlow, Johnson, DeMars & Flodman, for appellee Great West Casualty.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

On rehearing in the Nebraska Workers' Compensation Court, Cindy McLaughlin was awarded benefits for injuries sustained when she fell while loading trucks for her husband's business, McLaughlin Trucking, for which Great West Casualty Company provided workers' compensation insurance coverage.

The Workers' Compensation Court awarded Cindy McLaughlin benefits for both temporary total disability and permanent partial disability to the body as a whole. See Neb. Rev. Stat. § 48-121(2) (Cum. Supp. 1986).

Plaintiff appeals, and defendant Great West cross-appeals. Plaintiff claims that the amount awarded was incorrect. The defendant Great West claims that plaintiff was not an employee entitled to benefits under the Workers' Compensation Act.

We affirm the decision of the Workers' Compensation Court.

> Findings of fact made by the Nebraska Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case. [Citations omitted.] In testing the sufficiency of evidence to support findings of fact made by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. [Citations omitted.] Factual determinations by the Workers' Compensation Court will not be set aside on appeal unless such determinations are clearly erroneous. Regarding facts determined and findings made after rehearing in the Workers' Compensation Court, § 48-185 precludes the Supreme Court's substitution of its view of facts for that of the Workers' Compensation Court if the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court. [Citations omitted.] As the trier of fact, the Nebraska Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given testimony.

*Fees v. Rivett Lumber Co.*, 228 Neb. 617, 620, 423 N.W.2d 483, 486 (1988). See, also, Neb. Rev. Stat. § 48-185 (Reissue 1984); *Thom v. Lutheran Medical Center*, 226 Neb. 737, 414 N.W.2d 810 (1987); *Norris v. Iowa Beef Processors*, 224 Neb. 867, 402 N.W.2d 658 (1987); *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 408 N.W.2d 280 (1987).

The record shows conflicting evidence concerning the errors alleged by the parties. Conflicts in the evidence were resolved by the Workers' Compensation Court. It is not the province of this court to disturb findings by the Workers' Compensation Court unless those findings are clearly erroneous. The record substantiates the fact findings made by the Workers' Compensation Court. Finding no clear error regarding the award, we affirm the judgment of the Workers' Compensation Court.

AFFIRMED.