SILLIS JIM OSBORNE, APPELLANT, V. BUCK'S MOVING & STORAGE,
INC., APPELLEE.
441 N.W.2d 906

Filed June 30, 1989.    No. 88-991.

Thomas R. Lamb, of Berry, Anderson, Creager & Wittstruck, P.C., for appellant.

John R. Hoffert, of Knudsen, Berkheimer, Richardson & Endacott, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

On rehearing, the Nebraska Workers' Compensation Court dismissed the petition of Sillis Jim Osborne because Osborne failed to prove that his "injuries . . . were the result of an accident which arose out of and in the course of his employment." Osborne appeals, claiming that the judgment of the Workers' Compensation Court is incorrect.

"Findings of fact made by the Nebraska Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case. [Citations omitted.] In testing the sufficiency of evidence to support findings of fact made by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. [Citations omitted.] Factual determinations by the Workers' Compensation Court will not be set aside on appeal unless such determinations are clearly erroneous.

Regarding facts determined and findings made after rehearing in the Workers' Compensation Court, § 48-185 precludes the Supreme Court's substitution of its view of the facts for that of the Worker's Compensation Court if the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court. [Citations omitted.] As the trier of fact, the Nebraska Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given testimony."

*McLaughlin v. McLaughlin*, 230 Neb. 460, 461, 432 N.W.2d 45, 46 (1988). See, also, *Fees v. Rivett Lumber Co.*, 228 Neb. 617, 423 N.W.2d 483 (1988).

Osborne testified that on October 28, 1986, while in Buck's employ, he was moving a stack of plywood in the back of Buck's moving van when the plywood fell on him, knocking his right shoulder against the inside wall of the moving van. At the time, Osborne did not realize that he had been injured in the incident and continued to work for Buck's for the next 3 months without reporting the accident to Buck's. On January 13, 1987, after experiencing severe pain in his shoulder for about a week, Osborne sought medical attention at a hospital in Memphis, Tennessee, and was told he had bursitis. Later in January 1987, Buck's terminated Osborne's employment.

Osborne began working for Davis Moving & Storage in Little Rock, Arkansas, in late February 1987, without mentioning the 1986 accident or subsequent pain in his shoulder. Osborne first notified Buck's of his 1986 accident and injury when he filed his "First Report of Alleged Occupational Injury or Illness" with the Nebraska Workers' Compensation Court on May 1, 1987.

On June 1, 1987, after Osborne had complained of pain in his shoulder, Davis referred Osborne to a Dr. Barg. Thereafter, Osborne consulted Drs. Hinkley, Parks, and Fullenwider regarding the pain in his shoulder. A report from Dr. Hinkley indicates that Osborne was afflicted with a C5-6 radiculopathy, associated with some weakness in his humeral abductors and his wrist dorsiflexors. However, no expert opinion or medical evidence in the record shows a causal connection between

Osborne's alleged accident and injury.

"Unless the character of an injury is objective, that is, an injury's nature and effect are plainly apparent, an injury is a subjective condition, requiring an opinion by an expert to establish the causal relationship between an incident and the injury as well as any claimed disability consequent to such injury."

*Fees v. Rivett Lumber Co., supra* at 621, 423 N.W.2d at 486. See, also, *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 408 N.W.2d 280 (1987). "Determination of causation is, ordinarily, a matter for the trier of fact." *Mendoza, supra* at 778, 408 N.W.2d at 285. See, also, *Fees v. Rivett Lumber Co., supra*.

Osborne's injury was a subjective condition. The Workers' Compensation Court found that Osborne failed to present expert testimony to establish a causal connection between the accident and his injuries. Therefore, we must affirm the judgment of the Workers' Compensation Court.

AFFIRMED.